1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

LACINA SYLLA, et al.,

8                           Plaintiffs,

9            v.                                          C16-453-TSZ

10   JPMORGAN CHASE BANK, N.A., et                        ORDER
     al.,

11
                              Defendants.
12

13          THIS MATTER comes before the Court upon defendant JPMorgan Chase Bank,

14   N.A.'s ("Chase") Motion to Dismiss, docket no. 12.  For the following reasons, plaintiffs'

15   claims are DISMISSED with prejudice.

16   **Background**

17          Plaintiffs Lacina Sylla and Nasitan Samake borrowed approximately $350,000

18   from CTX Mortgage Company in December 2006 and executed a deed of trust.  By May

19   2009, Chase became the beneficiary of the deed.  However, since September 2008,

20   plaintiffs have not made any payments either to CTX or Chase, and thus the loan has

21   been in default for over seven years.  Northwest Trustee Services, Inc. ("NWTS") as

22   trustee, has instituted a series of nonjudicial foreclosures but none has culminated into a

23

ORDER - 1

trustee's sale.  The most recent notice scheduled a sale for March 25, 2016.  Nine days before the scheduled sale, plaintiffs filed this suit in Snohomish County Superior Court and defendant Chase filed a notice of removal.  *See* docket no. 1.[1]

**Discussion**

**A.     Standard of Review**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than mere speculation of a right to relief.  *Id.*  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 558.  A complaint may be lacking for one of two reasons:  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *E.g.*, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  *Twombly*, 550 U.S. at 570.  If the Court dismisses the complaint or portions

---

[1] Plaintiffs voluntarily dismissed NWTS during the state court proceedings.  *See* docket no. 1-2, at 64-65.

1   thereof, it must consider whether to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122,

2   1130 (9th Cir. 2000).

3   **B.   Analysis**

4         Plaintiffs bring this action to quiet title pursuant to RCW 7.28.300, which permits

5   the owner of real estate to "maintain an action to quiet title against the lien of a mortgage

6   or deed of trust on the real estate where an action to foreclose such mortgage or deed of

7   trust would be barred by the statute of limitations."  Initially, plaintiffs alleged that the

8   lien could be extinguished by virtue of their obligation to Chase being barred by the

9   statute of limitations.  In their opposition to Chase's motion, however, plaintiffs concede

10  that they are in default with respect to, at least, the past six years of payments preceding

11  the most recent Notice of Trustee's Sale.  Pls.' Opp., docket no. 13, at 2.  Accordingly,

12  there is no basis under which the Court could conclude that "an action to foreclose [the]

13  mortgage or deed of trust would be barred by the statute of limitations."  RCW 7.28.300.

14  The First Cause of Action is thus dismissed with prejudice.[2]

15        In truth, plaintiffs' opposition papers reveal that the true scope of this case is

16  whether Chase may include payments owed more than six years ago in its calculation of

17  plaintiffs' debt.  The practical impact relates to how the Deed of Trust Act ("DTA")

18  addresses trustee's sales.  If the sale proceeds exceed "the obligation secured by the deed

19

20  _____

21  [2] Plaintiffs' Second Cause of Action for a temporary restraining order and preliminary
    injunction against the trustee's sale is similarly dismissed with prejudice.  It is "well-
    settled" that a claim for injunctive relief standing alone is not a cause of action.  *Ramos v.*
22  *Chase Home Fin.*, 810 F. Supp. 2d 1125, 1132 (D. Haw. 2011).

23

ORDER - 3

1  of trust," such a surplus is disbursed among various parties including the homeowner.

2  RCW 61.24.080.

3       In sum, plaintiffs have not pleaded a cognizable claim under RCW 7.28.300 where

4  they freely admit that they are in default on mortgage payments which would not be

5  barred by the statute of limitations.

6  **_Conclusion_**

7       For the above reasons, plaintiffs' First and Second Causes of Action are

8  DISMISSED with prejudice.

9       IT IS SO ORDERED.

10       Dated this 2nd day of August, 2016.

11

12

13  Thomas S. Zilly
United States District Judge

14

15

16

17

18

19

20

21

22

23

ORDER - 4